IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY BRIDGES, JONAS THEOPHILE, DEREK CHAIRS, and JUAN CALDERON**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ABSOLUTE LAWN CARE LA, LLC**,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS AND COLLECTIVE ACTION

Plaintiffs Tony Bridges, Jonas Theophile, Derek Chairs, and Juan Calderon, on behalf of themselves and all others similarly situated, bring this action against Defendant Absolute Lawn Care LA, LLC and respectfully allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other similarly-situated current and former employees of Defendant for, *inter alia*, unpaid overtime wages, liquidated damages, and attorney's fees and costs.

2. Plaintiffs also bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly-situated individuals for the purpose of obtaining relief under Louisiana law for, *inter alia*, unjust enrichment, conversion, unlawful deductions, and other violations of the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act").

1

## THE PARTIES

3. Plaintiff Tony Bridges is an individual residing in Orleans Parish, Louisiana and formerly was employed with Defendant as a landscaper.

4. Plaintiff Jonas Theophile is an individual residing in Orleans Parish, Louisiana and formerly was employed with Defendant as a landscaper.

5. Plaintiff Derek Chairs is an individual residing in Orleans Parish, Louisiana and formerly was employed with Defendant as a landscaper.

6. Plaintiff Juan Calderon is an individual residing in Orleans Parish, Louisiana and formerly was employed with Defendant as a landscaper.

7. Copies of Plaintiffs' consent-to-join forms are attached hereto as Exhibit A.

8. Defendant Absolute Lawn Care LA, LLC ("Defendant" or "Absolute Lawn Care") is a Louisiana limited liability company and can be served through its registered agent for service of process: **Robert L. Rogers, 239-B South Jefferson Davis Parkway, New Orleans, LA 70119**. Absolute Lawn Care is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## **FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendant and its employees handle and work with materials that have traveled in interstate commerce, including trucks and tools manufactured outside the state of Louisiana.

12. Defendant classifies Plaintiffs and similarly-situated hourly employees as non-exempt and entitled to overtime pay under the FLSA.

13. This lawsuit seeks relief under the FLSA on behalf of two classes of Plaintiffs who regularly worked more than forty (40) hours in a workweek for Defendant, but were not paid the proper overtime wages for all time worked.  Plaintiffs' claims under the FLSA are as follows:

   (a) Defendant designates a portion of the straight-time rate of Plaintiffs Bridges, Theophile, Chairs, and other similarly-situated individuals ("the Bridges Plaintiffs") as a purported "bonus."  Defendant pays the Bridges Plaintiffs the specified "bonus" amount for every hour they work, but does not include the "bonus" amount when calculating their regular rate of pay for purposes of paying overtime under the FLSA; and

   (b) Defendant pays Plaintiff Calderon and other similarly-situated individuals ("the Calderon Plaintiffs") in cash, with no deductions for payroll taxes, and does not pay **any** overtime for hours worked over forty (40) in a workweek.  Rather Defendant pays the Calderon Plaintiffs their straight-time rate of pay no matter how many hours they work in a workweek.

14. When the Bridges Plaintiffs worked over forty (40) hours in a workweek, Defendant did not pay them one and one-half (1 ½) times their regular rate of pay because Defendant excluded the purported "bonus" from the regular rate and did not pay overtime on the purported "bonus."  As noted above, the purported "bonus" actually was a percentage of the Bridges Plaintiffs' straight-time rate and therefore should have been included in their regular rate of pay.

15.     When the Calderon Plaintiffs worked over forty (40) hours in a workweek, Defendant did not pay them one and one-half (1 ½) times their regular rate of pay, but rather paid only their straight-time rate of pay for all hours worked.

16.     Defendant has violated the rights of the Bridges Plaintiffs and the Calderon Plaintiffs by denying them compensation for all hours worked, including failing to pay overtime for hours worked over forty (40).

17.     Defendant also has a common policy of imposing fines and making deductions from the wages of some Plaintiffs and other similarly-situated workers ("the Rule 23 Plaintiffs") for tardiness, absences, and alleged damage to tools, equipment, and customer property. (Exhibit B, Employee Points System).

18.     As to tardiness, Defendant deducts $1.00 from the purported "bonus" of the Rule 23 Plaintiffs for every minute that they are late for work. (Exhibit B, Employee Points System). Defendant's policy states as follows: "Tardy or Late will result in $1 being withheld from bonus for each 1 minute absent."  (*Id.*).

19.     As to absences, Defendant deducts the ***full amount*** of the purported "bonus" of the Rule 23 Plaintiffs if they have an unscheduled absence. (Exhibit B, Employee Points System).  In this respect, Defendant's policy states as follows: "No Call/No Show – employee loses bonus pay for the week." (*Id.*).

20.     In addition, Defendant requires the Rule 23 Plaintiffs to pay for damage to, *inter alia,* tools, equipment, and customer property.  Defendant's policy provides that the Rule 23 Plaintiffs must (i) "pay[] up to 50% of repair cost" if the incident is reported; and (ii) "pay[] 100% of repair cost" if the incident is not reported.  (Exhibit B, Employee Points System).  In

violation of Louisiana law, Defendant imposes these fines even when the damage is **not** caused by the employees' negligent or willful actions.

21.   The above-referenced fines and deductions imposed by Defendant had the effect of reducing the overtime compensation of the Bridges Plaintiffs, the Calderon Plaintiffs, and the Rule 23 Plaintiffs in violation of the FLSA.

22.   Defendant's denial of legal wages and overtime compensation to the Bridges Plaintiffs, the Calderon Plaintiffs, and the Rule 23 Plaintiffs is, and has been, willful and deliberate.

## COLLECTIVE ACTION ALLEGATIONS

23.   The Bridges Plaintiffs bring their claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and all persons who have worked as non-exempt employees for Defendant during the period beginning three years prior to the filing date of the Complaint and who worked over 40 hours in one or more workweeks and received hourly overtime pay that was calculated based on regular rates that failed to include all non-excludable compensation under the FLSA, including the purported "bonus" which actually represents a portion of the employees' straight-time rate.

24.   The Bridges Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of failing to pay overtime at the **correct** regular rate of pay for hours worked in excess of forty (40).  In particular, Defendant classifies a portion of the straight-time rate of the Bridges Plaintiffs as a purported" bonus."  Defendant pays the Bridges Plaintiffs the specified "bonus" for every hour they work, but does not include the "bonus" amount when calculating their regular rate of pay for purposes of the FLSA.

5

25. Defendant is liable to the Bridges Plaintiffs under the FLSA for, *inter alia*, not paying the correct overtime rate for all hours worked over forty (40) in a workweek. The Bridges Plaintiffs consist of other similarly-situated individuals who have not received the correct overtime rate for hours worked over forty (40) in a workweek, and who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's records.

26. The Calderon Plaintiffs bring their claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and all persons who have worked as non-exempt employees for Defendant and who were not paid overtime compensation for all hours worked over forty (40) in a workweek during the period beginning three years prior to the filing date of the Complaint.

27. The Calderon Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of only paying straight-time for hours worked over forty (40) in a workweek.

28. Defendant is liable under the FLSA for, *inter alia*, failing to pay overtime to the Calderon Plaintiffs for hours worked in excess of forty (40). The Calderon Plaintiffs consist of other similarly-situated individuals who have been underpaid by Defendant in violation of the FLSA, and who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

29. The Rule 23 Plaintiffs bring the third, fourth, and fifth causes of action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other workers who have not received all wages owed as a result of Defendant's unlawful deduction policy,

30. The members of the proposed classes are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the proposed classes is in excess of seventy (70) persons.

31. Plaintiffs Bridges and Theophile represent the Rule 23 Plaintiffs. Mr. Bridges and Mr. Theophile will fairly and adequately represent the interests of the Rule 23 Plaintiffs and have retained counsel competent and experienced in class actions and employment litigation, including wage and hour cases like this one. There is no conflict between Mr. Bridges, Mr. Theophile, and the Rule 23 Plaintiffs.

32. There are questions of law and fact common to the Rule 23 Plaintiffs which predominate over any questions affecting only individual members including, *inter alia*, the following: (i) whether Defendant converted wages and compensation owed to the Rule 23 Plaintiffs; (ii) whether Defendant unlawfully deducted sums from the wages owed to the Rule 23 Plaintiffs; and (iii) whether Defendant has been unjustly enriched by its unlawful deductions from the wages of the Rule 23 Plaintiffs.

33. The Rule 23 Plaintiffs' claims are typical because, *inter alia*,: (i) they were subject to the same or similar compensation policies and practices; (ii) they have sustained similar types of damages as a result of Defendant's conduct; and (iii) their claims are based on the same legal theories and involve similar factual circumstances.

34. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Rule 23 Plaintiffs have been damaged and are entitled to recovery as a result of Defendant's common policy and practice. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would require. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

35. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes.

**FIRST CAUSE OF ACTION**
(Violations of the FLSA – Failure to Pay Correct Overtime Rate)

36. All Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

37. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

38. On numerous occasions during the relevant period, Defendant suffered or permitted the Bridges Plaintiffs to work more than 40 hours in a workweek without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over forty (40) under the FLSA – *i.e.*, their regular rate inclusive of their base rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e).

39. Thus, Defendant violated and continues to violate the FLSA by not paying the Bridges Plaintiffs at their required rate of pay, in addition to liquidated damages and interest for overtime not promptly paid in each paycheck for the applicable pay period.

40. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

41. As a result of Defendant's unlawful conduct, the Bridges Plaintiffs are entitled to recover their back overtime pay at the rate of one and a half times their applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

42. The Bridges Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
(Violations of the FLSA – Failure to Pay Overtime)

43. All Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

44. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

45. Defendant has violated the requirements of the FLSA by engaging in practices that have deprived the Calderon Plaintiffs of lawful compensation by *inter alia,* failing to pay overtime compensation for hours worked over forty (40) in a workweek.

46. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

47. As a result of Defendant's unlawful conduct, the Calderon Plaintiffs are entitled to damages equal to the amount of all uncompensated time, including overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

48. The Calderon Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

### THIRD CAUSE OF ACTION
(La. Civ. Code Art. 2315 – Conversion)

49. All Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

50. Defendant intentionally interfered with and exercised dominion and control over wages and compensation that the Rule 23 Plaintiffs had the legal right to possess as heretofore alleged.

51. As a result of Defendant's violations of La. Civ. Code Art. 2315, the Rule 23 Plaintiffs are entitled to recover the wages unlawfully withheld by Defendant, costs of the action, and pre-judgment and post-judgment interest pursuant to La. Civ. Code Art. 2315.

### FOURTH CAUSE OF ACTION
(La. Rev. Stat. 23:635 – Unlawful Deductions)

52. All Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

53. La. Rev. Stat. 23:635 prohibits employers from deducting any sum from their employees' wages, unless as permitted by law.

54. Defendant unlawfully made deductions from the wages of the Rule 23 Plaintiffs as heretofore alleged.

55. Defendant's knowing and intentional demand and retention of these wages were willful violations of La. Rev. Stat. 23:635.

56.     As a result of Defendant's willful violations of La. Rev. Stat. 23:635, the Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid wages, penalty wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest under La. Rev. Stat. 23:632.

## FIFTH CAUSE OF ACTION
(La Civ. Code Art. 2298- Unjust Enrichment)

57.     All Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

58.     Additionally, and in the alternative, Defendant has enriched itself without cause as a result of making unlawful deductions to the Rule 23 Plaintiffs' wages.

59.     Defendant's enrichment was at the Rule 23 Plaintiffs' expense because they would have received the money owed had Defendant not intentionally and willfully violated federal and state wage laws through its policy of making unlawful deductions.

60.     The Rule 23 Plaintiffs allege unjust enrichment in the alternative to their state-law conversion claims.

61.     As a result of Defendant's willful violations of La. Civ. Code Art. 2298, the Rule 23 Plaintiffs are entitled to recover their unpaid wages, and pre-judgment and post-judgment interest under La. Civ. Code Art. 2298.

## DEMAND FOR JURY

62.     All Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, all Plaintiffs respectfully request that this Court:

(a) Authorize the issuance of notice at the earliest possible time to all eligible current and former employees who were employed with Defendant during the three years immediately preceding the filing of this action. This notice should

inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

(b) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendant willfully violated the rights of the Bridges and Calderon Plaintiffs under the FLSA;

(c) Award the Bridges and Calderon Plaintiffs unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(d) Award Plaintiffs any amounts whereby Defendant has been unjustly enriched;

(e) Require Defendant to remit back the amount of wages misappropriated from the wages of the Rule 23 Plaintiffs;

(f) Award the Rule 23 Plaintiffs unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(g) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(h) Award any other legal and equitable relief that this Court deems just and proper.

Dated: January 19, 2016                               Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiffs*