IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY BRIDGES, JONAS THEOPHILE, DEREK CHAIRS, and JUAN CALDERON, on behalf of themselves and all others similarly situated, | Civil Action No. 16-cv-448 |
| Plaintiffs, | Section "G" (2) |
| v. | Jury Trial Demanded |
| ABSOLUTE LAWN CARE LA, LLC, and ROBERT L. ROGERS | |
| Defendants. | |

### MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL

The parties respectfully submit this Memorandum in Support of Joint Motion for Settlement Approval. The Settlement represents the culmination of approximately fourteen (14) months of investigation, litigation, and negotiation. Accordingly, the parties request that the Court approve the Settlement and retain jurisdiction over this matter for 180 days solely for purposes of enforcing the terms of the Settlement.[1]

### BACKGROUND

Plaintiffs commenced this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other similarly-situated current and former employees of Defendants for, *inter alia*, unpaid wages and overtime, liquidated damages, and attorney's fees and costs. (Doc. # 13, ¶ 1). In addition, Plaintiffs asserted class-action claims under Fed. R. Civ. P. 23 behalf of themselves and similarly-situated individuals for the purpose of obtaining relief under Louisiana law for, *inter alia*, conversion, unlawful deductions, and other violations of the Louisiana Wage Payment Act,

---

[1] The Settlement provides for Defendants to pay $23,000.00 of the Gross Settlement Amount over 23 weeks after making the first lump-sum payment of $25,000.00.

1

La. R.S. § 23:631, *et seq.* ("the Wage Payment Act").  (*Id.* at ¶ 2).  After substantial briefing by the parties, including supplemental briefing requested by the Court as to the FLSA "coverage" issue, the Court granted conditional certification on Plaintiffs' FLSA claims and denied class certification on Plaintiffs' Rule 23 state-law claims.  (Doc. # 33-50, 54).  The Court approved a 60-day notice period and approximately 20 individuals have filed consent to join forms and opted into this litigation.  (Doc. # 54-55; Doc. # 69).

## THE PROPOSED SETTLEMENT

The parties have agreed to settle this matter for $48,000.00, inclusive of attorney's fees and costs.  Thus, Defendants will pay a Gross Settlement Amount to Plaintiffs and their attorneys in the amount of $48,000.00.  Defendants will pay $21, 542.90 to Plaintiffs and an amount to each individual Plaintiff as set forth in Exhibit A.  The total attorney's fees and costs to be paid by Defendants is $26,457.10.

Defendant will pay $25,000.00 of the Gross Settlement Amount no later than May 13, 2017 or upon the Court's entry of the Approval Order, whichever is later.  This first payment will applied so that all of the individual Plaintiff's claims are paid prior to the payment of attorney's fees.  Each payment to an individual Plaintiff shall be divided such that 50% of the payment will be paid as lost wages and an IRS Form W-2 will be issued for that portion of the payment. Defendants will determine any taxes due on the payments to individual Plaintiffs based on their existing records. The other 50% of the payment will be paid as compensation for liquidated damages and a Form 1999 will be issued for that portion of the payment. No taxes will be deducted from the liquidated damages checks.

In addition, Defendant shall pay the remainder of the Gross Settlement Amount in twenty-three installments consisting of $1,000.00 per week for twenty-three consecutive weeks

beginning no later than May 13, 2017 or upon the Court's entry of the Approval Order, whichever is later.  This $23,000.00 will be for the payment of attorney's fees and costs so that Plaintiffs are paid from the Gross Settlement Amount <u>before</u> attorney's fees and costs are paid.

Defendant will send payments to individual Plaintiffs via first class U.S. mail, to addresses provided by counsel for Plaintiffs.  If any checks are returned undeliverable with no forwarding address, Defendant will attempt to locate an alternative address using a "skip trace" service and will mail the checks to the alternative address, if any. If any checks have not been cashed by Plaintiffs within 120 days of mailing, Defendant will provide the names of the individuals who have not cashed their checks to Plaintiffs' counsel. If any check remains uncashed within 180 days after date of mailing, Defendant may void the check and return the funds to its general accounts and have no further obligation to the individual Plaintiff.  The failure to cash any check shall in no way affect the binding nature of this settlement.

The settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendants. The settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by the Plaintiffs against Defendants, known or unknown, which are or could have been asserted in this action. The Parties have consented to dismissal of this lawsuit with prejudice after approval of the settlement and all settlement payments have been made.

## I. THE PARTIES' PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

"The primary focus of the Court's inquiry in determining whether to approve the settlement of an FLSA collective action is not, as it would be for a Rule 23 class action,[2] on due process concerns, but rather on ensuring that an employer does not take advantage of its

---

[2] As noted above, the Court denied class certification on Plaintiff's Rule 23 state-law claims.

employees in settling their claim for wages." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (internal citations omitted). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* When making this evaluation, "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution. *Id.* at 720 (internal citations omitted).

### A. The Settlement Resolves A Bona Fide Dispute.

A "bona fide dispute exists where the parties disagree on 'hours worked or compensation due' and engage in 'aggressive prosecution and strenuous defense.'" *Akins v. Worley Catastrophe Response, LLC*, 2014 WL 1456883, at *2 (E.D. La. Apr. 14, 2014)). In the instant case, Plaintiffs aggressively prosecuted the case through written discovery, depositions, and motion practice, including (1) filing a motion for conditional certification, a motion for summary judgment, motion for limited discovery, and this motion for settlement approval; (2) reviewing thousands of pages records produced by Defendants; and (3) taking the 30(b)(6) deposition of the corporate Defendant. (Doc. # 20, 33, 34, 42, 43, 49, and 53). Defendants mounted a strenuous defense, opposing Plaintiffs' request for limited discovery and Plaintiffs' motion for conditional certification, and disputing Defendants' status as a "covered employer" under the FLSA. (Doc. 23, 38, 39).

The Settlement between the parties is the compromise of disputed claims and does not constitute an admission by Defendants of the FLSA or any other violation of federal, state, or local law, or any violation of Plaintiffs' rights. Defendants expressly deny having

engaged in any wrongdoing or unlawful conduct in this matter and Defendants further dispute Plaintiffs' entitlement to the amounts to be paid by Defendants under the Settlement.

### B. The Settlement Is Fair And Reasonable.

This Court considers the factors set forth in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), as modified to apply to FLSA collective actions, to determine whether a settlement is fair and reasonable. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008). Under *Reed,* the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." 703 F.2d at 172.

*(1) The existence of fraud or collusion behind the settlement.*

As recognized in *Collins*, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." 568 F. Supp. 2d at 725. In the instant case, Plaintiffs' counsel aggressively pursued their claims and the parties engaged in substantial discovery, liability analysis, and evaluation of potential damages. The parties produced and reviewed voluminous payroll records, timesheets, and related case documents, and Plaintiffs' counsel took the 30(b)(6) deposition of the corporate Defendant. The parties' counsel engaged in lengthy discussions over liability and damages, and the settlement was not finalized until the parties considered their respective strengths and weaknesses, as well as Defendants' ability to pay a Settlement or Judgment. For these reasons, the Court should find that the Settlement was the result of arm's length negotiations and that no there is no suggestion of fraud or collusion.

*(2) and (3) The complexity, expense, and likely duration of the litigation and the stage of the proceedings and the amount of discovery completed.*

As set forth above, prior to agreeing to the Settlement the parties engaged in substantial written discovery, depositions, motion practice, and settlement negotiations. Although Plaintiffs' counsel believes that there is a strong case on the merits, Defendants have vigorously contested liability and damages. Had the parties not agreed upon the Settlement, this litigation would have become even more complicated and expensive with the potential for a decertification motion from Defendant. Further, the parties would be required to go forward with numerous additional depositions. Thus, the parties have avoided costly and protracted litigation by entering into the Settlement.

Furthermore, trial of this matter is scheduled for August 2017 and any adverse Judgment would certainly be appealed by Defendants. "[L]engthy litigation, and the delay in potential payments it causes, is especially hard on certain classes" like Plaintiffs in the instant case, who do not have significant financial assets. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 726 (E.D. La. 2008). In light of the foregoing, the Court should find that these factors support the conclusion that the Settlement is fair and reasonable.

*(4) The probability of Plaintiffs' success on the merits.*

Although the Plaintiffs' counsel believe that they have a strong case on the merits, Defendants are represented by able and experienced counsel, and there is no guarantee that Plaintiffs would prevail in this litigation, whether through dispositive motion or at trial. Furthermore, Defendants dispute, *inter alia*, (i) the propriety of this case moving forward as a collective action; (ii) the amount of damages owed to Plaintiffs; (iii) Plaintiffs' entitlement to liquidated damages; and (iv) whether Plaintiffs can show "willfulness" and thus be entitled to the

FLSA's three-year statute of limitations (rather than a two-year statute of limitations). Thus, this factor also weighs in favor of settlement.

*(5) The range of possible recovery.*

The settlement amounts for members of the putative class are based on negotiated amounts that Plaintiffs allegedly worked and did not receive their full overtime pay based on the alleged failure to include their bonus amounts in the FLSA "regular rate" for the full three-year FLSA limitations period, in addition to liquidated damages. All of these agreed-upon amounts are within a range of possible recovery for Plaintiffs. A number of Plaintiffs either worked no overtime, had no deductions to their pay, or filed consent to join forms after the expiration of the FLSA's three-year statute of limitations. To conclude this matter and to achieve the certainty of settlement, Plaintiffs' counsel have allocated $200 to each of these Plaintiffs. (Ex. A). These amounts were deducted from potential attorney's fees recovery rather than the settlement amounts paid to other Plaintiffs. (*Id.*). The settlement amounts allocated to each Plaintiff were based upon their length of employment with Defendants, the number of overtime hours worked, whether there were alleged "deductions" made to their wages, and the amount of any alleged "deductions." (*Id.*).

*(6) The opinions of counsel, Plaintiffs, and absent class members.*

The only parties to this settlement are the Plaintiffs and Defendants. There are no "absent class members." Counsel for both parties endorse the settlement and agree that the settlement terms are fair. The Agreement clearly provides that Defendantsagree to the terms and that the settlement is fair, reasonable, and adequate. Given the amount of discovery in this case, counsel for both parties have been able to adequately analyze the risks involved to come to a well-reasoned decision. As to the opinions of absent class members, those concerns are not present

here because no individual is bound by the Settlement except Plaintiffs. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) ("Because no real 'absent' class members exist whose rights will be determined in this settlement who have not consented to participate, the Court need not consider such interests as it would in a settlement of a class action under Rule 23."); *see also Perez v. Avatar Holdings, Inc.,* 2008 U.S. Dist. LEXIS 125107, *6 (M.D. Fla. July 24, 2008) ("As the parties have settled, Plaintiff's claim and the opted in plaintiffs' claims against Defendant are moot, and the case must be dismissed after court approval of the settlement for fairness.").

## II. THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE.

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Altier v. Worley Catastrophe Response, LLC*, 2012 U.S. Dist. LEXIS 6391, *59 (E.D. La. Jan. 18, 2012) (quoting 29 U.S.C. § 216(b)). Plaintiffs were represented by Christopher L. Williams and Michael T. Tusa, Jr., both of whom have substantial experience in labor and employment matters. Mr. Williams has approximately fourteen (14) years of litigation experience and respectfully submits that a rate in the range of $300-$325/hour is a reasonable hourly rate based on his qualifications and experience. *Sierra v. E.M.S.P., LLC*, 2015 WL 5823293, at *13 (approving a rate of $300/hour for Mr. Williams 18 months ago in October 2015). Mr. Tusa has approximately thirty-three (33) years of litigation experience and respectfully submits that a rate in the range of $375-400/hour is a reasonable hourly rate based on his qualifications and experience. *Altier*, 2012 U.S. Dist. LEXIS 6391, *68 (E.D. La. Jan. 18, 2012) (approving hourly rates of $350, $375, and $400 per hour). Furthermore, Plaintiffs' counsel incurred approximately $2,200 in costs for, *inter alia*, (i) filing and serving the

Complaint; (ii) the cost for the court reporter and transcript associated with the 30(b)(6) deposition of Absolute Lawn Care; (iii) mailing and administrating the FLSA notices/consent forms sent to the potential opt-ins; and (iv); PACER research and printing/copying costs.

Based on the above hourly rates and the time worked by Plaintiffs' counsel, attorney's fees and costs would be in excess of $50,000.00. The record in this case reveals that Plaintiffs' counsel were required to substantial time in obtaining the relief agreed to in the settlement, including: (i) obtaining conditional certification over Defendants' opposition, including preparing declarations, briefs, and supplemental briefs in support of the same; (ii) preparing discovery requests to Defendants and meeting/conferring with defense counsel regarding the same; (iii) filing a Motion for Summary Judgment on the issue of FLSA "coverage;" (iv) taking the 30(b)(6) deposition of the corporate Defendant; (v) communicating with opt-in plaintiffs as part of the FLSA notice process; (v) reviewing Defendants' discovery responses and thousands of pages of document production; and (vi) preparing/revising the settlement documents and the instant Motion for Settlement Approval.

Based on a review of Plaintiffs' counsel's billing records, a conservative estimate of the time Plaintiffs' counsel has spent on this case is approximately 130 hours for Mr. Williams and approximately 30 hours for Mr. Tusa. Even using the lower end of Plaintiffs' counsel's proposed hourly rates, the time incurred thus far totals approximately $50,250 in attorney's fees.[3] After including the $2,200 in costs incurred thus far, the total amount of attorney's fees and costs is approximately $52,500.00. Thus, the requested $26,457.10 in attorney's fees and costs is substantially less than the amount provided for under the lodestar method.

---

[3] Mr. Williams' fees are approximately $39,000 (based on 130 hours * $300/hour) and Mr. Tusa's fees are $24,735 (based on 30 hours * $375/hour).

Furthermore, although the amount for attorney's fees and costs is slightly higher than the settlement amounts payable to Plaintiffs, attorneys' fees awards often "substantially exceed [] damages" in FLSA cases. *See, e.g., Almendarez v. J.T.T. Enters. Corp.,* No. JKS-06-68, 2010 U.S. Dist. LEXIS 88043, at *3 (D. Md. Aug. 25, 2010) (concluding that $84,058 attorneys' fee award was reasonable, even though jury verdict in favor of three of eight plaintiffs awarded plaintiffs only $3,200, $1,200, and $2,200 each); *Butler v. Directsat USA, LLC*, No. DKC-10-2747, 2016 U.S. Dist. LEXIS 35632, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had received between $54.36 and $4,197.78, for a total of approximately $36,000). Further, Plaintiffs' counsel already have substantially reduced their attorney's fees to make this Settlement possible.

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court enter the proposed Order approving the Settlement between the parties.

Dated: April 27, 2017                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

    **AND**

MICHAEL T. TUSA, JR (#02154)
SUTTON, ALKER & RATHER, LLC

4080 Lonesome Road, Suite A
Mandeville, LA 70448
(985) 727-7501 - Telephone
(985) 727-7505 – Facsimile
Email: mtusa@sutton-alker.com

*Counsel for Plaintiffs*

**RANDALL A. SMITH, T.A. (La. #2117)**
**STEPHEN M. GELÉ (#22385)**
**REAGAN REYNOLDS (#35292)**
                Of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Tel: 504-525-2200
Fax: 504-525-2205

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2017 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

                                    s/Christopher L. Williams
                                    Christopher L. Williams