UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TONY BRIDGES, et al.**                               **CIVIL ACTION**

**VERSUS**                                             **NO. 16-448**

**ABSOLUTE LAWN CARE**                                 **SECTION "G"(2)**
**LA, LLC, et al.**

## ORDER

On January 19, 2016, Plaintiffs Tony Bridges, Jonas Theophile, Derek Chairs, and Juan Calderon (collectively, "Plaintiffs") filed a complaint against Absolute Lawn Care LA, LLC and Robert L. Rogers (collectively, "Defendants") for relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").[1] Before the Court is the parties' "Joint Motion for Settlement Approval."[2] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

## I. Background

The complaint in this matter was filed on January 19, 2016.[3] The complaint was brought on behalf of Plaintiffs and all others who were similarly situated.[4] On April 13, 2016, Plaintiffs filed an amended complaint as of right.[5] On May 31, 2016, Plaintiffs filed a motion to conditionally certify two classes pursuant to the FLSA and two classes pursuant to Federal Rule of Civil Procedure 23.[6] On July 6, 2016, the Court granted Plaintiffs leave to file a second amended

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 72.

[3] Rec. Doc. 1.

[4] *Id.*

[5] Rec. Doc. 13.

[6] Rec. Doc. 20.

1

complaint.[7]

On November 1, 2016, the Court granted conditional certification of Plaintiffs' FLSA claims and ordered that notice be sent to: (1) "All former and current employees [of Absolute Lawn Care] whose purported "bonus" . . . was not included in their regular rate of pay for purposes of paying overtime under the FLSA and/or who did not receive or had deductions to their attendance/productivity "bonus" which had the effect of reducing their overtime rate to less than 1 ½ times their regular rate of pay ("the Overtime Rate Collective");" and (2) "All former and current employees [of Absolute Lawn Care] who ostensibly were classified as independent contractors . . . and were paid only their straight-time rate of pay . . . for hours worked over forty (40) in a workweek ("the Misclassification Collective")."[8] After notice was sent, approximately 20 individuals filed forms consenting to join this litigation.[9] On April 27, 2017, the parties filed the instant motion for settlement approval.[10]

## II. Parties' Arguments

The parties contend that they have agreed to settle this matter for $48,000, inclusive of attorneys' fees and costs.[11] According to the parties, Defendants will pay $21,542.90 to Plaintiffs and $26,457.10 in attorneys' fees and costs.[12] The parties assert that Defendants will pay $25,000.00 of the gross settlement amount no later than May 13, 2017, or upon the Court's entry of the Approval Order, whichever is later. The parties aver that this first payment will be applied

---

[7] Rec. Doc. 32.

[8] Rec. Doc. 54 at 29–30.

[9] *See* Rec. Docs. 61–69.

[10] Rec. Doc. 72.

[11] Rec. Doc. 72-1 at 2.

[12] *Id.*

so that all of the individual Plaintiffs' claims are paid prior to the payment of attorney's fees, and each payment to an individual Plaintiff shall be divided such that 50% of the payment will be paid as lost wages and the other 50% of the payment will be paid as compensation for liquidated damages.[13] The parties represent that Defendants will pay the remaining settlement amount in 23 installments of $1,000.00 per week for 23 consecutive weeks beginning no later than May 13, 2017, or upon entry of the Court's Approval Order.[14]

The parties assert that this settlement resolves a bona fide dispute.[15] They note that Defendants mounted a strenuous defense, and the settlement is a compromise of disputed claims.[16] Moreover, the parties contend that the settlement is fair and reasonable.[17] They note that "[t]he parties' counsel engaged in lengthy discussions over liability and damages, and the settlement was not finalized until the parties considered their respective strengths and weaknesses, as well as Defendants' ability to pay a Settlement or Judgment."[18] They also note that they engaged in substantial written discovery, depositions, and motions practice before agreeing to the settlement.[19] Furthermore, the parties assert that there was no guarantee that Plaintiffs would prevail in this litigation.[20]

According to the parties, "[t]he settlement amounts for members of the putative class are

---

[13] *Id.*

[14] *Id.* at 2–3.

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 6.

[20] *Id.*

based on negotiated amounts that Plaintiffs allegedly worked and did not receive their full overtime pay based on the alleged failure to include their bonus amounts in the FLSA 'regular rate' for the full three-year FLSA limitations period, in addition to liquidated damages."[21] The parties represent that these agreed-upon amounts are within the range of possible recovery for Plaintiffs.[22] Moreover, the parties note that some Plaintiffs either worked no overtime, had no deductions to their pay, or filed consent to join forms after the expiration of the FLSA's three-year statute of limitations.[23] "To conclude this matter and to achieve the certainty of settlement, Plaintiffs' counsel have allocated $200 to each of these Plaintiffs," and this amount was deducted from the potential attorneys' fee recovery.[24] The parties represent that the settlement amounts allocated to each Plaintiff were based upon their length of employment with Defendants, the number of overtime hours worked, whether there were alleged deductions made to their wages, and the amount of any alleged deductions.[25]

Finally, the parties assert that the requested attorneys' fees are reasonable.[26] Specifically, they note that Christopher L. Williams has approximately 14 years of litigation experience, and submit that a rate in the range of $300-$325 per hour is a reasonable hourly rate based on his qualifications and experience.[27] They also note that Michael T. Tusa, Jr. has approximately 33 years of litigation experience, and submit that a rate in the range of $375-400 per hour is a

---

[21] *Id.* at 7.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 8.

[27] *Id.*

4

reasonable hourly rate based on his qualifications and experience.[28] Specifically, the parties note that Mr. Williams's fees would be approximately $39,000, based on 130 hours of work at a rate of $300 per hour, and Mr. Tusa's fees would be $11,735, based on 30 hours of work at a rate of $375 per hour.[29] Based on these hourly rates, the parties contend that fees and costs would exceed $50,000.[30] Therefore, they represent that an award of $26,457.10 in attorneys' fees and costs is reasonable.[31]

B.    *Analysis*

    1.    **Unpaid Overtime and Liquidated Damages**

The FLSA provides for actual damages in unpaid overtime wages, as well as an "additional equal amount as liquidated damages."[32] "A district court may decline to award liquidated damages if the court finds that the employer acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA."[33] The parties have reached a settlement totaling $21,542.90 to Plaintiffs, with half of this amount representing unpaid overtime wages and half of this amount representing liquidated damages. This settlement amount is based on hours that Plaintiffs allegedly worked and did not receive their full overtime pay based on the alleged failure to include their bonus amounts in the FLSA regular pay rate for the full three-year FLSA limitations period.[34]

---

[28] *Id.*

[29] *Id.* at n.3.

[30] *Id.* at 9.

[31] Rec. Doc.

[32] *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)); *see also Ransom v. M. Patel Enters, Inc.*, 734 F.3d 377, 387 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).

[33] *Black*, 732 F.3d at 501 (citation and internal quotation marks omitted).

[34] Rec. Doc. 72-1 at 7.

5

Moreover, some Plaintiffs either worked no overtime, had no deductions to their pay, or filed consent to join forms after the expiration of the FLSA's three-year statute of limitations, and those individuals each received $200, which was deducted from the potential attorneys' fee recovery.[35] Accordingly, the Court finds that this negotiated figure represents a fair and reasonable resolution of the dispute.

### 2. Reasonable Attorney's Fees

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited."[36] The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement.[37] "A fee applicant seeking an enhancement must produce 'specific evidence' that supports the award."[38] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[39]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under the FLSA.[40] First, a lodestar is calculated by multiplying the number of hours reasonably

---

[35] *Id.*

[36] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010) (internal quotations and citations omitted).

[37] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011).

[38] *Perdue,* 559 U.S. at 553.

[39] *Id.* at 558.

[40] Traditionally, courts have considered the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 550–551 (2010), the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in FLSA attorney's fee cases. *See, e.g., Ransom v. M. Patel Enterprises, Inc.*, 734 F.3d 377, 388 (5th Cir. 2013); *Black v. SettlePou, P.C.*, 732 F.3d

6

expended by an appropriate hourly rate in the community for such work.[41]  "[T]here is a strong presumption that the lodestar figure is reasonable."[42] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[43] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[44] Such reconsideration is "impermissible double-counting."[45]

A lodestar reduction may be warranted by a plaintiff's failure to demonstrate billing judgment following settlement of a FLSA claim. In *Saizan v. Delta Concrete Products Co.*, the Fifth Circuit explained:

> [p]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement.[46]

---

492, 502 (5th Cir. 2013); *Altier v. Worley Catastrophe Response, LLC*, CIV.A. 11-241, 2012 WL 161824, at *22 (E.D. La. Jan. 18, 2012) (Wilkinson, M.J.). Accordingly, this Court does the same.

[41] *Perdue,* 559 U.S. at 546.

[42] *Id.* at 553–54.

[43] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

[44] *Saizan v. Delta Concrete Products Co.,* 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[45] *Id.*

[46] *Id.* at 799.

The parties submit that a calculation of attorneys' fees under the lodestar method would exceed $50,000.[47] Specifically, Mr. Williams's fees would be $39,000, based on 130 hours of work at a rate of $300 per hour, and Mr. Tusa's fees would be $11,735, based on 30 hours of work at a rate of $375 per hour.[48] Accordingly, the Court finds that the proposed attorneys' fee of $26,457.10 to be reasonable.

### IV. Conclusion

For the reasons stated above, the Court finds that the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute. Therefore, the Court approves the settlement. Accordingly,

**IT IS HEREBY ORDERED** that the parties' "Joint Motion for Settlement Approval"[49] is **GRANTED** and the settlement of this lawsuit is hereby approved.

**IT IS FURTHER ORDERED** that this action be and is hereby dismissed without costs and without prejudice to the right, upon good cause shown within one hundred and eighty (180) days, to reopen the action if settlement is not consummated. The Court retains jurisdiction to enforce the compromise agreed upon by the parties.

**NEW ORLEANS, LOUISIANA**, this  1st  day of May, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] Rec. Doc. 72-1 at 9.

[48] *Id.* at n.3.

[49] Rec. Doc. 72.